UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

POLY-AMERICA, L.P.,                )
                                   )
            Plaintiff,             )
                                   )   CIVIL ACTION NO.
VS.                                )
                                   )   3:08-CV-2224-G
STEGO INDUSTRIES, L.L.C.,          )
                                   )
            Defendant.             )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Stego Industries, L.L.C. ("Stego"), to strike the second supplemental disclosure of expert testimony filed by the plaintiff, Poly-America, L.P. ("Poly"), as untimely (docket entry 71). For the reasons set forth below, the motion is granted.

## I. BACKGROUND

This case is set for trial on the court's four week docket beginning May 2, 2011. On April 1, 2011, Poly filed its second supplemental disclosure of expert testimony (the "second supplemental disclosure") and produced additional

documents related to the testimony of its non-retained expert, Terry Mallory ("Mallory"). Motion and Brief in Support to Strike Poly-America LP's Second Supplemental Disclosure of Expert Testimony and Supporting Documents ("Stego Motion") at 1-2. Stego now moves to strike the disclosure as untimely. *Id.* at 9.

The court issued its scheduling order on April 29, 2010, requiring Poly to submit its Rule 26(a) disclosures on or before December 10, 2010, and setting February 28, 2011 as the date for completion of all discovery. On December 9, 2010, the parties agreed to extend Poly's expert disclosure deadline until December 22, 2010 and Stego's deadline until January 4, 2011, with all rebuttal reports due no later than February 3, 2011. Stego Motion at 2.

Poly filed its first disclosure of expert testimony on December 22, 2010, its first supplemental disclosure of expert testimony on February 28, 2011, and its second supplemental disclosure on April 1, 2011. *Id.* at 2-3. In its initial disclosure, Poly identified Mallory as an expert in the polyethylene sheeting business. *Id.* at 3. Mallory opined that lighter colors generally absorb less heat than darker colors, and yellow provides high visual contrast with soil and rebar, but he did not cite any testing, experiments, or third-party sources to support those propositions. *Id.* During his deposition, Mallory admitted that he based his opinion on his own personal observations, and not any scientific evidence or experiments. See *id.* at 4.

Poly's first supplemental disclosure did not reveal any evidence or experiments to support Mallory's opinions on the relationship between the color of a vapor barrier and its heat absorption and visual contrast with rebar and soil. *Id.* In its second supplemental disclosure, however, Poly disclosed new facts to support Mallory's opinions, including experimental evidence demonstrating temperature variances between yellow and orange polyethylene sheeting throughout the day and showing that "yellow material was the easiest to identify [] tear[s] and puncture[s]" in contrast with colored soils and materials. *Id.* at 5; *see generally* Poly-America L.P.'s Second Supplemental Disclosure of Expert Testimony Pursuant to Federal Rule of Civil Procedure 26(A)(2).

II. ANALYSIS

Rule 16(b) of the Federal Rules of Civil Procedure authorizes federal district courts to control and expedite the discovery process through a scheduling order. *Barrett v. Atlantic Richfield Company*, 95 F.3d 375, 380 (5th Cir. 1996); *see also* FED. R. CIV. P. 16(b). Rule 37 permits the imposition of "sanctions on a disobedient party by refusing to allow that party to introduce designated matters into evidence." *Barrett*, 95 F.3d at 380; *see also* FED. R. CIV. P. 37(b)(2), (c)(1). A district court's discretion in these matters is "broad" and "considerable," and will only be reversed in "unusual and exceptional cases." *Sierra Club, Lone Star Chapter v. Cedar Point Oil*

*Company Inc.*, 73 F.3d 546, 569 (5th Cir.) (citations omitted), *cert. denied, Cedar Point Oil Company v. Sierra Club, Lone Star Chapter*, 519 U.S. 811 (1996).

Rule 26(e)(1)(A) requires a party, who has made a disclosure of expert testimony, to supplement or correct its disclosure in a "timely manner." FED. R. CIV. P. 26(e)(1). There can be no question that Poly's second supplemental disclosure is untimely: the court's scheduling order set the close of discovery for February 28, 2011, and the parties agreed that expert rebuttal reports would be submitted no later than February 3, 2011. Poly did not submit its second supplemental disclosure until April 1, 2011, more than thirty days after the close of discovery and only four weeks before trial. Expert disclosures should be supplemented in a more timely fashion. *E.g., United States ex rel. Gudur v. Deloitte Consulting LLP*, No. H-00-1169, 2007 WL 4322433, at *4 (S.D. Tex. Mar. 5, 2007) (excluding facts and opinions not disclosed within scheduling order deadline).

To avoid sanctions, the party who fails to comply with the Rules or the scheduling order bears the burden to show that its actions were substantially justified or harmless. *Avance v. Kerr-McGee Chemical, LLC*, No. 5:04CV209, 2006 WL 3912472, at *2 (E.D. Tex. Dec. 4, 2006); *see also* FED. R. CIV. P. 37(c)(1) (explaining that a party may not be allowed to use information "unless the failure [to comply with Rule 26(a) or (e)] was substantially justified or is harmless."). In *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007), the Fifth Circuit explained that to

determine whether it is appropriate to exclude evidence that was untimely disclosed, courts should consider: (1) the explanation for the failure to disclose; (2) the importance of the evidence; (3) potential prejudice to the opposing party; and (4) the availability of a continuance to cure such prejudice.  See also *Deloitte,* 2007 WL 4322433, at *4.  These factors favor exclusion in this case.

    First, Poly's explanation for its untimely disclosure is unpersuasive.  Poly argues that it "did not have reason to expect Stego's challenges" to the proposition that "lighter colors absorb less heat," which prompted the second supplemental disclosure, until Mallory's deposition on February 25, 2011, and Mallory conducted these "elementary school experiment[s]" after ordering and receiving a competitor's product.  *See* Poly-America L.P.'s Brief in Support of Its Response to Stego Industries, L.L.C.'s Motion to Strike Poly-America's Second Supplemental Disclosure of Expert Testimony and Documents in Support ("Response") at 5-6.  Stego counters that it never contested the proposition that lighter colors absorb less heat than darker colors; rather, it took issue with Mallory's "failure to cite any tests or experimentation that supports his opinion that yellow was the best color for use on vapor barriers."  Reply in Support of Motion to Strike Poly-America LP's Second Supplemental Disclosure of Expert Testimony and Supporting Documents ("Reply") at 5.  This factor favors Stego because Poly should have reasonably anticipated a challenge to the basis upon which Mallory formulated his expert opinion, and Mallory could have conducted his

experiments earlier -- and supplemented his report earlier -- given that the materials he needed were made available as early as February 24, 2011.  *Id.* at 5-6.

Second, the untimely evidence seems of minimal importance.  Both Poly and Stego agree that lighter colors absorb less heat than darker colors.  Response at 5 ("One of Stego's founders agreed with this elementary proposition"); Reply at 5 ("Stego's expert witness, Marshall Grove, testified to the following").  Similarly, neither party disputes that yellow provides some visual-contrast benefits not afforded by black.  Reply at 5 ("Stego's still unaltered position:  'In regard to alleged ancillary benefits of absorbing less heat and enhanced contrast, every non-black color, including colorless, possesses some degree of these alleged ancillary benefits'").  Thus, Poly's newly disclosed evidence, offered to "rebut Stego's criticisms," Response at 7, will likely have "little or no effect on the . . . factual and credibility determinations" to be made a trial.  See *Beasley v. U.S. Welding Service, Inc.*, No. 04-30116, 2005 WL 1007042, at *1 (5th Cir. May 2, 2005).  Even so, the importance of untimely evidence "cannot singularly override the enforcement of local rules and scheduling orders."  *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).

Additionally, with trial rapidly approaching, allowing Poly's untimely evidence would prejudice Stego by requiring it to respond -- via deposition, as Poly suggests, Response at 7-8, or otherwise -- with short notice and on the eve of trial.  Finally, neither party wants a continuance, Reply at 9 ("A continuance . . . would severely

- 6 -

prejudice Stego"); Response at 9 ("Like Stego, Poly-America does not want a continuance"), and even if a continuance would cure some prejudice, it "would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Betzel*, 480 F.3d at 709. Considering the *Betzel* factors, the court finds that exclusion of Poly's untimely second supplemental disclosure is warranted. Cf. *1488, Inc. v. Philsec Investment Corporation*, 939 F.2d 1281, 1289 (5th Cir. 1991) ("Adherence to such scheduling orders are critical in maintaining the integrity of judicial proceedings."). Accordingly, Stego's motion to strike is granted.

### III. CONCLUSION

For the reasons stated above, the defendant's motion to strike is **GRANTED**, and Poly's second supplemental disclosure (docket entry 70) is hereby **STRUCK** from the record.

**SO ORDERED**.

April 26, 2011.

*C. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**