UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

POLY-AMERICA, L.P.,                )
                                   )
          Plaintiff,               )
                                   )   CIVIL ACTION NO.
VS.                                )
                                   )   3:08-CV-2224-G
STEGO INDUSTRIES, L.L.C.,          )
                                   )
          Defendant.               )

# MEMORANDUM OPINION AND ORDER

Both parties submitted trial briefs regarding the proper construction of the attorney's fees provision in 15 U.S.C. § 1117 ("section 35") and the damages provision in 15 U.S.C. § 1120 ("section 38"). For the reasons set forth below, the court concludes that the applicability of section 35 to this case must be determined after trial on the motion of the "prevailing party," and section 38 does not permit a party alleging fraud on the United States Patent and Trademark Office ("PTO") to recover its attorney's fees as damages.

## I. BACKGROUND

The facts of this case have been recited in previous opinions of this court. *See* Memorandum Order and Opinion, April 21, 2011, at 1-5 (docket entry 83). Accordingly, the court will only briefly outline the facts relevant to the dispute regarding the proper construction of section 35 and section 38 of the Lanham Act.

The plaintiff, Poly-America, L.P. ("Poly"), brings this action against Stego Industries, L.L.C. ("Stego") for damages, injunctive relief, and a judgment declaring that Stego's trademark of the color yellow, as applied to polyethylene plastic sheeting used in the construction industry as a vapor barrier and vapor retarder, is not registerable under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* (the "Act"), is not entitled to trade dress protection under the Act, and was fraudulently procured. *See generally* Complaint.

In 2007, Poly manufactured yellow vapor barrier in response to a request from a customer. Poly-America L.P's Brief in Support of its Response to Stego Industries, L.L.C.'s Motion for Summary Judgment ("Response Brief") at 4. *Id.* After being threatened with a lawsuit by Stego, however, Poly elected not to sell yellow sheeting, and instead chose to file this action, seeking a declaration that Stego's trademark on the color yellow is invalid. *Id.*

II. ANALYSIS

Stego argues that Poly brought this action in bad-faith, making this an "exceptional case," which permits Stego to recover its reasonable attorney's fees under section 35 if it is the "prevailing party." Joint Pretrial Order at 13; *see also* Stego Industries, LLC's Trial Brief ("Stego Brief") at 13. Poly counters that section 35 does not apply because this case does not concern "a violation of any right of the registrant of a mark registered in the Patent and Trademark Office." Poly-America L.P.'s Trial Brief on Attorneys Fees ("Poly Brief") at 3. Alternatively, according to Poly, if section 35 does apply and Poly proves its fraudulent procurement claim by clear and convincing evidence, the court should award Poly its attorney's fees under section 35. *Id.* at 8. Finally, Poly argues that because section 35 does not apply to this case, Poly is entitled to recover its attorney's fees as damages under section 38 upon proof of its fraudulent procurement claim. *Id.* at 9. The court will address each issue in turn.

A. Attorney's Fees Under Section 35 of the Lanham Act

In *Fleischman Distilling Corporation v. Maier Brewing Company*, the Supreme Court declared that attorney's fees may not be awarded in suits under section 35 of the Lanham Act because the Act -- under which "Congress meticulously detailed the remedies available to a plaintiff who proves that his valid trademark has been infringed" -- did not explicitly authorize such awards. See *Fleischmann Distilling Corporation v. Maier Brewing Company*, 386 U.S. 714, 719, 721 (1967) ("A judicially

created compensatory remedy in addition to the express statutory remedies is inappropriate in this context."). In response, Congress amended section 35 to add the following provision: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117. The amendment "authorize[s] award of attorney fees to the prevailing party in trademark litigation where justified by equitable considerations." S. REP. 93-1400, at 1 (1974). The amended section 35 "contemplates that when the case is over the winning party will move the court for an award of attorney's fees upon a showing of exceptional circumstances." *Exxon Corporation v. Exxene Corporation*, 696 F.2d 544, 550 (7th Cir. 1983).

"An exceptional case involves acts that can be called malicious, fraudulent, deliberate, or willful." *Schlotzky's, Ltd. v. Sterling Purchasing & National Distribution Company, Inc.*, 520 F.3d 393, 402 (5th Cir. 2008) (internal quotation marks omitted). Examples of "exceptional cases" include those that are "groundless, unreasonable, vexatious, or pursued in bad faith." *Waco International, Inc. v. KHK Scaffolding Houston Inc.*, 278 F.3d 523, 536 (5th Cir. 2002). The prevailing party bears the burden of proving the exceptional nature of the case by clear and convincing evidence. *Schlotzky's*, 520 F.3d at 402. "The determination as to whether a case is exceptional is left to the sound discretion of the trial court," *Seven-Up Company v. Coca-Cola Company*, 86 F.3d 1379, 1390 (5th Cir. 1996), but "[a] district court

should consider all the facts and circumstances" in making such a determination.*
*Pebble Beach Company v. Tour 18 I Limited*, 155 F.3d 526, 555 (5th Cir. 1998).

Courts in this circuit have awarded section 35 attorney's fees to the prevailing party in exceptional cases, irrespective of whether it was the plaintiff or the defendant that succeeded on the merits. *E.g.*, *Schlotzky's*, 520 F.3d at 402 (affirming award of attorney's fees to prevailing plaintiff); *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 797 (S.D. Tex. 2009), *aff'd*, 381 F. App'x 449 (5th Cir.), *cert. denied*, __ U.S. __, 131 S.Ct. 648 (2010) (awarding attorney's fees to defendant where plaintiff's suit was, among other things, "objectively unreasonable."). This comports with the legislative history of section 35, which confirms Congress' intent to allow prevailing defendants to recover attorney's fees in exceptional cases. S. REP. 93-1400, at 2 (1974) ("[A]ttorney fees should also be available to defendants in exceptional cases."). Along these lines, the Fifth Circuit has stated:

> We have used "bad faith" as a short-hand for conducting this inquiry, but we also have instructed district courts to

---

\* The court notes that proof of fraudulent procurement does not make a case *per se* exceptional. See *Board of Supervisors for Louisiana State University Agricultural and Mechanical College v. Smack Apparel Company*, 550 F.3d 465, 491 (5th Cir. 2008), *cert. denied*, __ U.S. __, 129 S.Ct. 2759 (2009) ("[A]n actor's bad faith in violating the Lanham Act does not per se equate to malicious, fraudulent, or willful conduct justifying an award of attorneys' fees."). Rather, a showing of fraud is one factor for the court to consider when determining whether the prevailing party has carried its burden of showing that they case is exceptional by clear and convincing evidence. See *Proctor & Gamble Company v. Amway Corporation*, 280 F.3d 519, 527 (5th Cir. 2002) ("[W]e . . . have instructed district courts to consider all the facts and circumstances to determine whether a case is exceptional.").

> consider all the facts and circumstances to determine whether a case is exceptional. . . . In the context of prevailing plaintiffs, we have considered the existence or nonexistence of reasonable legal defenses probative of good or bad faith. The vast majority of circuits have developed a separate test for prevailing defendants under § 1117(a) and permit district courts to consider directly the objective merits of the suit. . . . [District courts] should consider the merits and substance of the civil action when examining the plaintiffs' good or bad faith.

*Proctor & Gamble*, 280 F.3d at 527-28. One clear implication of permitting both prevailing plaintiffs and prevailing defendants to recover attorney's fees under section 35 is that a showing of "a violation of any right of the registrant of a mark" cannot be a condition precedent to the applicability of section 35's fee-shifting provision. This is so because the "prevailing party" will not always be the "registrant of a mark." See, *e.g.*, *EsNtion Records, Inc. v. TritonTM, Inc.*, No. 3:07-CV-2027-L, 2009 WL 3805827, at *9 (N.D. Tex. Nov. 13, 2009) (Lindsay, J.) ("The court has determined that Defendant is the prevailing party on these copyright claims"); *Ameritox, Limited v. Aegis Sciences Corporation*, No. 3:08-CV-1168-D, 2009 WL 1362282, at *1 (N.D. Tex. May 12, 2009) (Fitzwater, C.J.) ("[The plaintiff] does not dispute that [the defendant] is a 'prevailing party' for purposes of § 1117(a)."); *Central Manufacturing Company v. Brett*, No. 04 C 3049, 2005 WL 2445898, at *13-14 (N.D. Ill. Sept. 30, 2005) (awarding the defendants' attorney's fees under section 35 of the Lanham Act). Thus, in a traditional case -- that is, one in which a registrant-plaintiff alleges that the defendant has infringed its mark -- a defendant may recover its attorney's

fees if the plaintiff brought the suit in bad faith. See *Proctor & Gamble*, 280 F.3d at 527. In such cases, the court may award attorney's fees to the absolved defendant, notwithstanding the plaintiff's failure to establish "a violation of any right of the registrant of a mark," a violation under 15 U.S.C. § 1125(a) or (d), or a willful violation under 15 U.S.C. 1125(c), as required by the statute. *See* 15 U.S.C. § 1117. Read this way, section 35's fee-shifting provision may be invoked any time either party's conduct -- in infringing or defending the validity of a trademark -- constitutes bad faith. See *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 65 (5th Cir. 1992) ("[A] party is not penalized for defending or prosecuting a lawsuit when that party has a good faith belief in its position.").

Here, Poly argues that "Section 35 should apply only if the present case addresses 'a violation of any right of the registrant of a mark registered in the Patent and Trademark Office. . . .'" The court disagrees. In this circuit, the applicability of section 35 turns on a showing of bad faith, not a violation of a registrant's rights. See *Proctor & Gamble*, 280 F.3d at 527 ("We have used "bad faith" as a short-hand for conducting this [exceptional-case] inquiry, but we also have instructed district courts to consider all the facts and circumstances to determine whether a case is exceptional."). Consequently, the unique procedural posture of this case -- that is, the fact that Poly initiated this declaratory judgment action to invalidate Stego's trademark -- would not preclude the court from finding this to be an exceptional case

upon a showing by Stego that Poly brought this action in bad faith. Similarly, Poly could just as well invoke section 35's fee-shifting provision if it prevails and is able to show by clear and convincing evidence that this is an exceptional case as contemplated by the statute. Only a "prevailing party" may recover attorney's fees, however, so the issue need not complicate the trial on the merits. The court will determine whether the prevailing party has proven bad-faith by clear and convincing evidence only upon a motion by that party after trial. See *Exxon*, 696 F.2d at 550.

B. <u>Damages Under Section 38 of the Lanham Act</u>

The only other issue to be resolved is whether Poly may recover its attorney's fees as damages under section 38 of the Lanham Act. Section 38 provides:

> Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.

15 U.S.C. § 1120. While the Fifth Circuit has not addressed whether a party can recover attorney's fees as damages under section 38, every appellate court to take up the issue has answered that question in the negative. *United Phosphorous, Limited. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1232 (10th Cir. 2000) (explaining that section 38 does not allow for the award of attorney's fees); *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 876 (8th Cir. 1994) (same); *Exxon*, 696 F.2d at 551 (same); *Blue Bell, Inc. v. Jaymar-Ruby, Inc.*, 497 F.2d 433, 439 (2d Cir. 1974) (same).

Similarly, in *Conard-Pyle Company v. Thuron Industries, Inc.*, this court determined that "[t]here is no authority for attorneys fees under [section 38,] 15 U.S.C. § 1120." 201 U.S.P.Q. 733, 740 (N.D. Tex. 1978) (Porter, J.).

The Supreme Court has long held that federal courts may not award attorney's fees to a prevailing party unless specifically authorized by statute. *Alyeska Pipeline Services Company v. Wilderness Society*, 421 U.S. 240, 262 (1975). "The rule here has long been that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Fleischmann*, 386 U.S. at 717. Section 35 of the Lanham Act authorizes a district court to award attorney's fees in "exceptional cases." 15 U.S.C. § 1117. Section 35 specifically "permits rather than mandates an award of fees" -- thereby giving the district court discretion to determine on a case-by-case basis whether an award of fees is warranted -- whereas section 38 "commands that a person who procured registration of a mark by false or fraudulent means 'shall be liable for any damages sustained in consequence thereof.'" *Aromatique*, 28 F.3d at 876 (quoting 15 U.S.C. § 1120). "Congress intended § 35 of the Lanham Act to mark the boundaries of the power to award monetary relief in cases arising under the Act." *Fleischmann*, 386 U.S. at 721. Reading section 38 to allow an award of attorney's fees as damages would undercut Congress' intent in two ways: First, it "would deprive courts of the discretion to award fees under Section 35, which discretion is limited to exceptional cases." *Aromatique*, 28 F.3d at 876; second,

it would add a judicially-crafted remedy to a cause of action created by a statute that expressly and meticulously provides the remedies available for vindication of the rights thereby protected. Cf. *Fleischmann*, 386 U.S. at 720 ("When a cause of action has been created by statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied.").

Poly argues that the court's refusal to countenance recovery of attorney's fees under section 38 would have "the perverse effect of incentivizing parties like Stego to mislead the PTO to issue trademarks that they can use to prevent free competition, knowing that very few parties will undertake the significant expense of bringing suit to declare the trademark invalid." Poly Brief at 11. The court is not persuaded.

Section 38 expressly makes a party who fraudulently procures a trademark liable to "any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C. § 1120. Many courts, including the Fifth Circuit, have concluded that such damages may include lost profits and unjust enrichment. *Texas Pig Stands, Inc. v. Hard Rock Cafe International, Inc.*, 951 F.2d 684, 695-96 (5th Cir. 1992) (reviewing jury's award of lost profits and unjust enrichment). Additionally, as the court has previously discussed, a prevailing party may recover its attorney's fees in exceptional cases upon of a showing of bad faith by clear and convincing evidence. See *supra*. Moreover, the court may consider fraudulent conduct when determining whether the prevailing party has established bad faith. See *supra* n.*. Thus, contrary

to Poly's contention, reading section 38 to prohibit recovery of attorney's fees as damages would not have "the perverse effect of incentivizing parties like Stego to mislead the PTO to issue trademarks" because in addition to being potentially liable for lost profits and unjust enrichment, a party who defrauds the PTO may be ordered to pay the attorney's fees of a party who prevails in an action to invalidate the fraudulently procured trademark.

Finding no reason to depart from this court's holding in *Conard-Pyle*, and accepting the persuasive reasoning of the Second, Seventh, Eighth, and Tenth Circuit Courts of Appeals on the issue, the court concludes that attorney's fees are not recoverable as damages under section 38.

### III. CONCLUSION

For the above-stated reasons, the court will determine whether this is an exceptional case, within the meaning of section 35's fee-shifting provision, only upon a motion by the prevailing party after trial, and Poly cannot recover attorneys fees as damages under section 38 of the Lanham Act.

**SO ORDERED**.

May 18, 2011.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**